Filed 9/28/15  P. v. Duran CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID B. DURAN,<br><br>    Defendant and Appellant. | D066259<br><br><br>(Super. Ct. No. JCF32341) |

APPEAL from a judgment of the Superior Court of Imperial County, Poli J. Flores, Jr., Judge.  Dismissed.

Wilkerson & Mulligan and Forest M. Wilkerson for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant David B. Duran obtained a certificate of probable cause to pursue an appeal from the trial court's order granting him formal probation for three years after Duran pled no contest to a charge that he committed a lewd act upon a child under the age of 14. The victim was Duran's girlfriend's 11-year-old daughter.

On appeal, Duran challenges the constitutionality of two of the conditions of probation that the trial court imposed. One of the conditions Duran challenges prohibited Duran from contacting the victim "or any member of her family." The other condition ordered Duran to "stay away from places where [known gang members] congregate."

During the pendency of this appeal, it came to this court's attention that the trial court revoked Duran's probation and sentenced Duran to prison after he admitted to violating two of his probation conditions (including an admission that he had contacted the mother of the victim, who was also the mother of Duran's young son). Because Duran is no longer subject to the probation conditions that he is challenging in this appeal, we dismiss his appeal as moot.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On December 27, 2013, at approximately 5:00 a.m., Duran's girlfriend left their shared home to go to work.  Duran picked up his girlfriend's daughter, J.G., and carried her to a bedroom.  Duran placed J.G. on the bed in the room and started touching her vaginal area.  J.G. described Duran's touching as being "hard" and said that it hurt.  Duran took off J.G.'s clothing, put his face on her upper thigh area, and licked her.  At some point, the three-year-old son of Duran and his girlfriend woke up and started crying.  Duran left the room to check on the boy.  When Duran left the room, J.G. got up and ran over to her grandmother's house, where she reported what had occurred.

The Imperial County District Attorney filed an information charging Duran with committing a lewd act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)).  The information further alleged that Duran had served two prior prison terms (§ 667.5, subd. (b)).

Duran pled no contest.  The two prior prison term allegations were dismissed.

The trial court placed Duran on formal probation for three years and ordered him to serve 365 days in county jail.  In addition to the standard terms and conditions of probation, the trial court also imposed on Duran the requirement that he register as a sex

_____

[1]    We provide this summary of the facts underlying Duran's conviction based on the preliminary hearing transcript, since Duran pled no contest to the charged offense.

offender, "[h]ave no contact with the victim, [J.G.], or any member of her family," and that he "[n]ot affiliate or associate with any known identifiable gang members, and stay away from places where such persons congregate."

Duran filed a timely notice of appeal and was granted a certificate of probable cause.

III.

DISCUSSION

Duran contends on appeal that two of the probation conditions are unconstitutional. However, after the parties briefed the issues that Duran raises in this appeal, Duran's attorney filed a request to augment the record in this appeal with the record and disposition in *People v. Duran* (5/18/15, D067023, nonpub. opn.), a subsequent appeal arising from the same underlying case. We granted Duran's request to augment the record, and we have taken judicial notice of the record in case No. D067023. The record in that case demonstrates that Duran admitted to having violated at least two of the probation conditions, including one of the conditions of probation that he challenges in this appeal, and further demonstrates that the trial court revoked Duran's probation and sentenced him to a term of eight years in prison.

Duran filed a notice of appeal from the trial court's order revoking probation and sentencing Duran to state prison. In briefing in his appeal from that order, Duran did not identify any arguable appellate issues, and this court reviewed the record pursuant to

4

*People v. Wende* (1979) 25 Cal.3d 436.[2]  This court affirmed the judgment of the trial court in an opinion dated May 18, 2015.

" 'It is well settled that the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it [citation].' "  (*In re J.G.* (2008) 159 Cal.App.4th 1056, 1062.)  "An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief."  (*In re Montgomery* (2012) 208 Cal.App.4th 149, 160.)

In light of the court's revocation of Duran's probation, he is no longer subject to any of the conditions of probation that the trial court imposed.  As a result, we cannot grant Duran any effective relief at this point with respect to the probation conditions that he challenges in this appeal.  We therefore dismiss Duran's current appeal as moot.

---

[2]     Duran did not mention that he had already appealed from the trial court's probation order, challenging the constitutionality of two of the probation conditions.  Nor did he identify as a possible (though not arguable) issue in this later appeal whether the trial court relied on Duran's violation of an unconstitutional probation condition as part of its decision to revoke probation.

IV.

DISPOSITION

Duran's appellate challenge to the conditions of his probation is dismissed as moot.

_____

AARON, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

O'ROURKE, J.